# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS

* * * * * * * * * * * * * * * * * * * *
| | | |
|---|---|---|
| CLAUDINE CARTER, | * | |
| | * | No. 18-1659V |
| Petitioner, | * | Special Master Christian J. Moran |
| | * | |
| v. | * | Filed: June 17, 2020 |
| | * | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * | Entitlement, dismissal |
| | * | |
| Respondent. | * | |

* * * * * * * * * * * * * * * * * * * *

<u>Sean F. Greenwood</u>, Greenwood Law Firm, Houston, TX, for petitioner; <u>Catherine E. Stolar</u>, United States Dep't of Justice, Washington, DC, for respondent.

**UNPUBLISHED DECISION DENYING COMPENSATION**[1]

Claudine Carter alleged that an influenza vaccination she received on October 20, 2016, caused her to develop Guillain-Barré syndrome ("GBS") entitling her to compensation based on the Vaccine Table. Pet., filed Oct. 16, 2018, Preamble. On June 16, 2020, Ms. Carter moved for a decision dismissing her petition.

### I.  Procedural History

Ms. Carter filed a petition on October 16, 2018, with some medical records and continued filing medical records over the next few months. After Ms. Carter filed a statement of completion on February 22, 2019, the Secretary was ordered to

---

[1] The E-Government Act, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services), requires that the Court post this decision on its website (https://www.uscfc.uscourts.gov/aggregator/sources/7). Once posted, anyone can access this decision via the internet. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will be reflected in the document posted on the website.

provide his position on the case.  Order, issued Mar. 26, 2019.  Based upon his counsel's review of the record, the Secretary identified several outstanding medical records.  Resp't's Status Rep., filed May 28, 2019.  Ms. Carter filed the outstanding records and another statement of completion on August 28, 2019.  The Secretary was then ordered to file a status report on how he intended to proceed.  Order, issued Sept. 16, 2019.  In a status report, the Secretary proposed a due date for his Rule 4 report.  Resp't's Status Rep., filed Dec. 27, 2019.

In his Rule 4 report, the Secretary argued against compensation for Ms. Carter's Table claim and any off-Table claim.  For the Table claim, the Secretary disputed Ms. Carter's GBS diagnosis and, even assuming the GBS diagnosis arguendo, noted that the onset of Ms. Carter's first neurologic symptom and the nadir of her symptoms occurred too late to fit within the Table time frame for GBS.  Resp't's Rep., filed Feb. 10, 2020, at 16-18.  For any off-Table claim, the Secretary argued that Ms. Carter had not provided a medical opinion connecting the influenza vaccine to her condition.  Id. at 18.  The Secretary also requested some outstanding and updated medical records.

After an April 1, 2020 status conference to discuss the Rule 4 report, the assigned staff attorney noted the case was no longer appropriate for the Special Processing Unit, and the case was later reassigned to the undersigned.  Order, issued Apr. 2, 2020.

To address the onset issue and need for an expert report, Ms. Carter was ordered to further develop the factual record, to file a status report on retaining an expert, and to submit the medical records identified by the Secretary.  Order, issued Apr. 27, 2020.

On June 5, 2020, Ms. Carter filed a status report identifying some of the outstanding medical records and moved for an extension of time to file the other medical records.  On June 11, 2020, Ms. Carter filed a status reporting stating that she had decided to no longer pursue her vaccine claim and would be filing appropriate paperwork to dismiss her claim within two weeks.

On June 16, 2020, Ms. Carter moved for a decision dismissing her petition.  Ms. Carter indicated that the Secretary did not oppose the motion but reserved his right to oppose any application for fees and costs.  This matter is now ready for adjudication.

## II. Analysis

To receive compensation under the National Vaccine Injury Compensation Program, petitioners must prove either 1) that petitioner suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to one of petitioner's vaccinations, or 2) that petitioner suffered an injury that was actually caused or significantly aggravated by a vaccine.  See §§ 300aa—13(a)(1)(A) and 300aa—11(c)(1).  Under the Act, a petitioner may not be given a Program award based solely on petitioner's claims alone.  Rather, the petition must be supported by either medical records or by the opinion of a competent physician.  § 300aa—13(a)(1).  If the medical records do not sufficiently support a petitioner's claim, a medical opinion must be offered in support.

In her petition, Ms. Carter alleged that she suffered a "Table Injury," GBS caused by an influenza vaccination.  42 C.F.R. § 100.3(a)(XIV)(D).  As noted in the Rule 4 report, the Secretary disputed Ms. Carter's GBS diagnosis and the timing of her neurologic symptoms generally.  Resp't's Rep. at 16-18.  Ms. Carter has not submitted any more evidence to support her diagnosis or the timing of her symptoms.  In her motion to dismiss, Ms. Carter conceded that "she will be unable to prove that she is entitled to compensation in the Vaccine Program."  Pet'r's Mot., filed June 16, 2020, at 1.

In light of Ms. Carter's concession that this case is not compensable and a review of the entire record, the undersigned finds that Ms. Carter has not established a Table Injury of the influenza vaccine causing GBS.

**Thus, the Motion for Decision is GRANTED and this case is DISMISSED for insufficient proof.  The Clerk shall enter judgment accordingly.**

Any questions may be directed to my law clerk, Andrew Schick, at (202) 357-6360.

**IT IS SO ORDERED.**

s/Christian J. Moran
Christian J. Moran
Special Master
